8047JMP

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number:

GOLAN MANAGEMENT, LLC

    Plaintiff,

v.

THE HARTFORD INSURANCE
COMPANY

    Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, GOLAN MANAGEMENT, LLC (hereinafter "GOLAN"), by and through undersigned counsel and brings this cause of action for Breach of Contract, Bad Faith and Improper Claim Denial against Defendant, THE HARTFORD INSURANCE COMPANY (hereinafter "THE HARTFORD") and states as follows

### BACKGROUND FACTS AND ALLEGATIONS

1. This is an action for damages in excess of $75,000, exclusive of interest, costs and attorney's fees.

2. At all times material hereto, Plaintiff, GOLAN, was and is a corporation organized under the laws of the State of Florida and doing business in the State of Florida.

3. At all times material hereto, Defendant, THE HARTFORD, was and is an insurance carrier organized under the laws of Connecticut, licensed to do business in the State of Florida and has, or usually keeps, an office for transaction of its customary business in Florida.

4. This Court has jurisdiction as the amount in controversy exceeds the minimal jurisdictional amount of this court.

5. This Court has jurisdiction as there is complete diversity between the Plaintiff and Defendant.

6. That in 2003, the subject property sustained damages as a result of staining or marring of the building's exterior.

7. That the damage suffered is covered under the subject policy of insurance issued by THE HARTFORD. Attached hereto is a true and accurate copy of the subject policy of insurance as exhibit "A."

8. That the damage suffered was caused by a sudden accident or occurrence.

9. That GOLAN procured insurance on the subject property from THE HARTFORD and has been paying premiums in a timely manner and has otherwise fulfilled all of its obligations as insured to be covered in case of need.

10. That GOLAN requested benefits under the policy for the damage and/or loss to its property and the Defendant refuses to cover the damage and/or loss.

11. On or about June 16, 2010, Plaintiff filed a Notice of Civil Remedy with the Florida Department of Insurance. Attached hereto and incorporated herein please find a true and exact copy of the Notice as Exhibit "B."

12. On or about **June 18, 2010** Plaintiff sent correspondence to the insurer demanding appraisal pursuant to the insurance contract at issue. Attached hereto is a true and accurate copy of Plaintiff's correspondence as Exhibit "C."

13. On or about **July 6, 2010** Plaintiff sent correspondence to the insurer demanding appraisal pursuant to the insurance contract at issue. Attached hereto is a true and accurate copy of Plaintiff's correspondence as Exhibit "D."

14. On or about **August 1, 2010** Plaintiff sent correspondence to the insurer demanding appraisal pursuant to the insurance contract at issue. Attached hereto is a true and accurate copy of Plaintiff's correspondence as Exhibit "E."

15. On or about **August 24, 2010** Plaintiff sent correspondence to the insurer demanding appraisal pursuant to the insurance contract at issue. Attached hereto is a true and accurate copy of Plaintiff's correspondence as Exhibit "F."

16. On or about **September 16, 2010** Plaintiff sent correspondence to the insurer demanding appraisal pursuant to the insurance contract at issue. Attached hereto is a true and accurate copy of Plaintiff's correspondence as Exhibit "G."

17. That the insurer failed to respond to any of Plaintiff's correspondence and failed to enter into appraisal in violation of the subject insurance contract and Florida Statutes.

18. Due to the Breach of Contract and continued bad faith dealing by the Defendant, Plaintiff was forced to hire and is now obligated to pay the undersigned attorney's reasonable attorneys' fees.

19. Pursuant to Florida Statutes Plaintiff is entitled to recover its reasonable attorney's fees from the Defendant.

20. The post loss obligations under the policy have either been fulfilled by the Plaintiff or waived.

## COUNT I
## BREACH OF CONTRACT/ BAD FAITH

Plaintiff, GOLAN, realleges, incorporates by reference, and adopts paragraphs 1 through 20 as though they were originally alleged herein.

21. The Plaintiff, GOLAN, entered into a contract for insurance with the Defendant, THE HARTFORD. See Exhibit "A."

22. The Defendant has breached the contract by failing to cover the damage and/or loss to the Plaintiff's property.

23. Plaintiff, GOLAN, has fulfilled all of its duties under the contract including all post loss obligations.

24. Defendant, THE HARTFORD, materially breached the contract by:

   a. Failing to pay a covered claim;

   b. Failing to keep track of the insured's loss;

   c. Failing to send an adjuster to properly identify and examine the loss;

   d. Failing to appoint an umpire as necessary according to appraisal clause in contract;

   e. Failing to pay for the replacements to be made and other damages covered by contract;

   f. Disrupting the orderly sequence and time limits for indemnification as planned by the police of insurance;

g. Failing to act in good faith in dealing with Plaintiff, GOLAN, on payment and appraisal of the claim.

25. As a result of Defendant's breach of the insurance contract, Plaintiff, GOLAN, has suffered damages.

26. Defendant has acted in bad faith as defined by s. 627.428(1) Florida Statutes (2004) and as further evidenced by the Notice of Insurer Violation attached hereto as Exhibit "B."

WHEREFORE, the Plaintiff, GOLAN, respectfully requests that this Court enter a judgment in favor of the Plaintiff and against the Defendant, THE HARTFORD, for treble damages for its bad faith breach of the insurance contract, together with attorney's fees and costs and for such other relief as deemed just and proper by this Court.

## COUNT II
## DEMAND FOR APPRAISAL

Plaintiff, GOLAN, realleges, incorporates by reference, and adopts paragraphs 1 through 20 as though they were originally alleged herein.

27. That the Insurance policy issued by THE HARTFORD, contains an appraisal clause that states that:

> **Appraisal**
> If we and you disagree on the value of the property or the amount of loss, either party may make written demand for an appraisal of the loss...Each party will select a competent and impartial appraiser and notify the other of the appraiser selected within 20 days after written demand for an appraisal has been made. The two appraisers will select an umpire. If they cannot agree upon and umpire within 15 days, then, at the request of either you or us, and after notice and hearing to the non-requesting party by certified mail, selection of the umpire will be made by a judge of a district court... The appraisers will state separately the value of the property and amount of loss. If the appraisers submit a written report of agreement to us, the amounts agreed upon

will be the value of the property and the amount of loss...If the appraisers fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding...Each party will:

a. Pay its chosen appraiser; and

b. Bear the other expenses of the appraisal and umpire equally.

28. On or about **June 18, 2010**, the undersigned sent correspondence to the insurer, THE HARTFORD, **formally demanding an appraisal**, as appropriate under the terms of the policy when parties do not agree on the valuation of the loss. THE HARTFORD did not comply. See Exhibit "C."

29. On or about **July 6, 2010**, the undersigned sent correspondence to the insurer, THE HARTFORD, **formally demanding an appraisal**, as appropriate under the terms of the policy when parties do not agree on the valuation of the loss. THE HARTFORD did not comply. See Exhibit "D."

30. On or about **August 1, 2010**, the undersigned sent correspondence to the insurer, THE HARTFORD, **formally demanding an appraisal**, as appropriate under the terms of the policy when parties do not agree on the valuation of the loss. THE HARTFORD did not comply. See Exhibit "E."

31. On or about **August 24, 2010**, the undersigned sent correspondence to the insurer, THE HARTFORD, **formally demanding an appraisal**, as appropriate under the terms of the policy when parties do not agree on the valuation of the loss. THE HARTFORD did not comply. See Exhibit "F."

32. On or about **September 16, 2010**, the undersigned sent correspondence to the insurer, THE HARTFORD, **formally demanding an appraisal**, as appropriate under the terms of the policy when parties do not agree on the valuation of the loss. THE HARTFORD did not

comply. See Exhibit "G."

33. Despite the written requests of the Plaintiff, THE HARTFORD has refused to begin and proceed with the appraisal process notwithstanding the language of the policy that it issued to GOLAN

34. Due to THE HARTFORD'S breach of the insurance contract, Plaintiff has needed to retain, out of necessity, the undersigned counsel, in order to attempt to resolve this matter.

35. Plaintiff has agreed to pay the undersigned counsel a reasonable hourly rate for services seeking resolution of this matter.

36. The insurer must pay Plaintiff's attorney's fees for the instant action due to the insurer's continued breach of the insurance contract and failure to properly adjust this loss, under section 627.428(1) Florida Statutes (2004). See *Travelers v. Meadows* 900 S.2d 676 (2005) and *Fewox v. McMerit Const. Co.*, 556 So. 2d 419, 423-24 (Fla. 2d DCA 1989).

WHEREFORE, Plaintiff, GOLAN, respectfully requests that this Court ORDER Defendant, THE HARTFORD, to abide by the appraisal clause of its own insurance policy and further move the parties to go forward with the appraisal process, and to that end ORDER:

A. That within Twenty (20) days of this Court's order, the parties will each select a competent and impartial appraiser.

B. Following the selection of the parties' appraisers, the two appraisers will select an umpire and if they cannot agree within sixty (60) days, selection of an umpire will be made by this court.

C. Following the selection of an umpire, the appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire, and a decision agreed to by any two will be binding.

D.   The insurer shall pay Plaintiff's attorney's fees, in a reasonable amount as indicated by counsel, on the aforementioned basis of law.

## COUNT III
### VIOLATION OF § 627.70131 OF FLORIDA STATUTES

Plaintiff, GOLAN, realleges, incorporates by reference, and adopts paragraphs 1 through 20 as though they were originally alleged herein.

37.   Florida Statute § 627.70131 states that:

(1)(a) Upon an insurer's receiving a communication with respect to a claim, the insurer shall, within 14 calendar days, review and acknowledge receipt of such communication unless payment is made within that period of time or unless the failure to acknowledge is caused by factors beyond the control of the insurer which reasonably prevent such acknowledgment. If the acknowledgment is not in writing, a notification indicating acknowledgment shall be made in the insurer's claim file and dated. A communication made to or by an agent of an insurer with respect to a claim shall constitute communication to or by the insurer.

38.   Plaintiff has repeatedly provided written communications to the Defendant with respect to this claim and Defendant has failed to respond or otherwise properly investigate the claim.

39.   Pursuant to Fla. Stat § 627.70131 Defendant was required to respond to the Plaintiff's communications, and has violated the statute by failing to do so.

40.   Pursuant to Fla. Stat § 627.428 Plaintiff is entitled to a reasonable sum as fees or compensation for the attorney prosecuting this suit

WHEREFORE, the Plaintiff, GOLAN, respectfully requests that this Court enter a judgment in favor of the Plaintiff and against the Defendant, THE HARTFORD, for damages for its violation of Florida Statutes, together with attorney's fees and costs and for such other relief as deemed just and proper by this Court.

## COUNT IV
## VIOLATION OF § 624.155 OF FLORIDA STATUTES

Plaintiff, GOLAN, realleges, incorporates by reference, and adopts paragraphs 1 through 20 as though they were originally alleged herein.

41. That Plaintiff, GOLAN, has surrendered all control over the handling of his claim to the Defendant.

42. That the Defendant assumed a duty to exercise such control and make such decisions in good faith and with due regard for the interests of the insured. See *Boston Old Colony Insurance Co. v. Gutierrez*, 386 So.2d 783, 785 (Fla.1980); *Mendez v. Unitrin Direct Property and Cas. Ins. Co.*, Not Reported in F Supp.2d WL 1831796 (Fla. M.D. 2007).

43. The Defendant had a duty to investigate the facts, give fair consideration to a settlement offer that is not unreasonable under the facts, and settle, if possible, where a reasonably prudent person, faced with the prospect of paying the total recovery, would do so. See *Kearney v. Auto-Owners Ins. Co.*, 664 F.Supp2d 1234 (Fla. M.D. 2009). Defendant breached its duty to the Plaintiff by failing to properly investigate the claim and make payments on the claim.

44. Defendant has not attempted in good faith to settle the claim when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward GOLAN and with due regard for its interests.

45. The Defendant has failed to promptly settle this claim and was obligated to do so under the insurance policy.

46. The Defendant has failed to promptly settle this claim in order to influence settlements under other portions of the insurance policy coverage.

47. Plaintiff has suffered damage due to the Defendant's failure to properly

investigate the claim.

WHEREFORE, the Plaintiff, GOLAN, respectfully requests that this Court enter a judgment in favor of the Plaintiff and against the Defendant, THE HARTFORD, for damages for its violation of Florida Statutes, together with attorney's fees and costs and for such other relief as deemed just and proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable as of right by a jury.

Dated: September 2, 2010

Respectfully Submitted,

**PERRY & NEBLETT, P.A.**
2550 S. Bayshore Drive, Ste. 11,
Miami, FL 33133
Tel (305) 856-8408
Fax (305) 856-8408
DavidNeblett@gmail.com

By: _____
David Avellar Neblett, Esq.
Florida Bar No.: 526371